## RIGHTS OF CROSS-PETITIONING DEFENDANT ON APPEAL.

Circuit Court of Cuyahoga County.

THE CLEVELAND TRUST CO. v. JOHN HARTNESS BROWN ET AL.

Decided, December 27, 1910.

*Appeal of Case Dismissed After Demurrer to Petition Sustained— Cross-Petitioning Defendant Brought up by Appeal.*

1. In a proper case appeal may be taken from a judgment of the common pleas court sustaining a demurrer to a petition and dismissing the same upon the statement of the plaintiff that he does not desire to plead further.

2. The dismissal of a case after sustaining a demurrer to the petition carries with it the dismissal of a cross-petition setting up a tax lien on the premises involved in the proceedings, and an appeal thereafter by the plaintiff brings up the whole case, including the rights of the cross-petitioning defendant.

*Henderson, Quail & Siddall,* for plaintiff in error.
*Hidy, Klein & Harris* and *A. B. Bernstein,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The defendant Brown moves here for the dismissal of this appeal upon the grounds that the judgment appealed from is not a final order, in that the dismissal of the petition was voluntarily submitted to by the plaintiff; and also in that the issues tendered by the cross-petition of the defendant, C. S. Horner, trustee, were not disposed of, although a final determination of the cause required their adjudication.

The action was commenced to foreclose a contract lien asserted by plaintiff upon real estate of the defendant Brown. The order appealed from reads:

"October 27, 1910. To Court: The demurrer of the defendant, John Hartness Brown, to the petition, having heretofore

been sustained as to the second ground thereof, and the plaintiff not desiring to amend or further plead, it is ordered and adjudged that said petition be, and the same is hereby dismissed, and that the defendants, John Hartness Brown and C. D. Horner, trustee, recover from the plaintiff their costs of this suit. Judgment is rendered against the plaintiff for its costs herein. The amount of the bond for appeal is fixed at $200.''

We do not deem it necessary to re-examine or to vindicate the grounds of the established practice of the circuit courts of this state to recognize the appealability of actions after judgment rendered upon demurrer to the petition in this matter. We have frequently sustained it; and that, too, despite the suggestion that this practice may permit the bringing of a cause into this court for trial upon the facts, where such trial was shunned below. What hazard, if any, to the parties may result from tactics of this sort, where leave to amend is first sought here, after demurrer sustained below, is another question, and one which has no proper bearing upon their right to appeal.

Upon the remaining ground of the motion, it is true that such issues as were tendered by the cross-petition of Horner, trustee, were not adjudicated. He alleges ''that he is the owner and holder of a certain tax certificate No. 82, given by the Auditor of Cuyahoga County for the taxes and penalty for the year 1906, and also for the simple tax for the year 1907, paid on said sub-lot No. 31, described in plaintiff's petition;'' and that there is due him thereon $632.64, with interest and he therefore prays for the sale of said property; that he be found to have a first lien thereon, and that he be paid out of the proceeds of such sale, after payment of costs, the amount of said lien as aforesaid.

We think this cross-petition does not state an independent cause of action. Even if it alleges facts sufficient to show the lien provided for by Section 2880, Revised Statutes, no such independent mode of enforcing the lien of a purchaser at a delinquent tax sale is there given, as Section 2910, Revised Statutes, gives to a purchaser at a sale of forefeited lands; nor do we know of any precedent for the maintenance of an independent action to foreclose such lien.

We hold that the judgment appealed from is a final order to which an appeal lies; that the dismissal of the petition necessarily carried with it the cross-petition also, so that nothing remained to be disposed of below; and that the appeal brings up the entire cause.

The motion is overruled.